```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


_____
                                    )
HEATHER GREEN A/K/A/                )
HEATHER ASTANEH                     )
                    Plaintiff,      )
                                    )
                                    )
v.                                  )    Civil Action
                                    )    No. 17-10989-PBS
U.S. POSTAL SERIVCE                 )
                    Defendant.      )
_____)
```

## MEMORANDUM AND ORDER

January 2, 2018

Saris, C.J.

This case involves a bizarre dispute between the Plaintiff Heather Astaneh and the defendant the United States Postal Service. Plaintiff brought this action in state court against letter carrier Alan Hodgkins, alleging he was harassing her. Defendant removed the action to federal court and filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(c) and 12(h)(3), arguing, among other things, that the suit is barred by the doctrine of sovereign immunity and that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her claim under the Federal Tort Claims Act ("FTCA"). The Court **ALLOWS** the Defendant's motion to dismiss for failure to exhaust.

1

I. **FACTUAL BACKGROUND**[1]

Alan Hodgkins is a letter carrier who delivers mail on the street behind Plaintiff's residence in Arlington, Massachusetts. He does not deliver mail to Plaintiff's house. Plaintiff alleges that Hodgkins was harassing her.

On May 8, 2017, Green filed a form complaint against Hodgkins seeking a Harassment Prevention Order pursuant to Mass. Gen. L. ch. 258E in Cambridge District Court. In an attached affidavit, she alleged that the letter carrier photographed her in her house, looked in her window, and parked his car in the back of her house and in front of a park that she frequents. She reported these encounters to his supervisor. The state district court issued an order barring Hodgkins from being within 100 yards of Plaintiff expiring on May 18, 2017. On May 16, 2017, she obtained an extension of the Harassment Prevention Order in Cambridge District Court until May 31, 2017.

The Postal Service has submitted affidavits hotly disputing these factual allegations. In its view, plaintiff has been the one harassing Hodgkins and previous letter carriers by

---

[1] The facts are drawn from the complaint, the exhibits attached to the complaint, and affidavits submitted by the parties. When evaluating the existence of subject matter jurisdiction, the court may consider extrinsic materials, including evidentiary materials submitted by the parties and other pleadings. Ayaz v. Livewire Mobile, Inc., No. 13-11330, 2013 WL 3943539, at *1 (D. Mass. July 29, 2013) (quoting Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005)).

videotaping them and yelling at them. It also contends that the order interfered with Hodgkins' official route as a letter carrier.

On June 10, 2016, Lauren Thomas, Counsel to Heather Green and Amin Astaneh, sent a letter to the United States Postal Service which was "intended to serve as notice of a formal complaint under the Federal Tort Claims Act." Dkt No. 29-1. Her letter alleged that the Postal Service infringed on her and her husband's First Amendment right of free speech, violated the right to the use and enjoyment of their property, and discriminated based on Astaneh's national origin. She alleges that the First Amendment right to look out her window and record was abridged. Specifically, she contends that a previous carrier, Sharon A. Demiridjian, harassed her and failed to provide proper services. The letter does not mention Hodgkins. The written notification submitted to the Postal Service by the Plaintiff included a number of requested actions such as timely delivery of mail, timely processing of outgoing mail, investigation into criminal mail tampering or other criminal charges, and removal of Demiridjian from her service route. The letter does not contain a claim for money or damages or any sum certain.

On March 9, 2017, the Tort Claims Examiner responded that Plaintiff's letter did not constitute a valid claim under the

3

Federal Tort Claims Act and could not be reviewed by the office because it did not contain a "sum certain" amount in injuries and losses. Dkt No. 5-3.

On May 30, 2017, the government removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1)(the federal officer removal provision). On May 31, 2017, the state court extended the order for one year, until May 31, 2018. On June 2, 2017, the government wrote to the state court judge, notifying her of the removal. After removal to the federal court, the state court vacated the order. Plaintiff does not challenge the removal.

## II. DISCUSSION

The government argues that Plaintiff has failed to exhaust her administrative remedies under the FTCA, and that sovereign immunity precludes the Court from exercising subject-matter jurisdiction over a suit seeking injunctive relief against the Postal Service. Plaintiff argues that the sovereign immunity clause does not insulate the government from the intentional torts of its employees "while they are engaged in the course of their employment". Dkt No. 29. Although she initially sought to have the case remanded to state court, she dropped that challenge and appears now to acknowledge that Hodgkins was acting within the scope of his employment.

The FTCA waives immunity for certain government torts including "injury or loss of property, or personal injury or

4

death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2674. Certain intentional torts are not covered by the waiver of sovereign immunity in the FTCA. 28 U.S.C. § 2680(h). If an employee is acting within the scope of his employment, he is not subject to suit: "if he is outside the line, he is personally answerable." Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 423 (1995). The agency's certification of scope of employment is subject to judicial review.[2] Id.

Under the FTCA the United States may not be sued unless a plaintiff has "first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). See McNeil v. United States, 508 U.S. 106, 113 (1993); Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 37 (1st Cir. 2006). It is "essential" that claims include a "demand for money damages in a *sum certain."* Holloway v. United States, 845 F.3d 487, 489 (1st Cir. 2017) (internal quotations omitted); Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992) ("This court has consistently held that a

---

[2] No scope-of-employment certification claiming that Hodgkin was acting within the scope of his duties was filed by the government pursuant to 28 U.S.C. § 2679(d)(1).

5

timely-presented claim stating a sum certain is necessary for a court to have jurisdiction to entertain a suit against the United States under the FTCA."). See 28 C.F.R. § 14.2 ("For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . or legal representative . . . written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.").

Most circuits have held that relief under the FTCA is limited to "money damages." § 1346(b)(1). Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 863 (10th Cir. 2005); Redland Soccer Club, Inc. et al. v. Dep't of Army of U.S., 55 F.3d 827, 848 n.11 (3d Cir. 1995); Talbert v. United States et al., 932 F.2d 1064, 1066 (4th Cir. 1991); Birnbaum v. United States, 588 F.2d 319, 335 (2d Cir. 1978) (abrogated on other grounds). But cf. Weldon v. United States, 70 F.3d 1, 4 (2d Cir. 1995) (holding FTCA also permits equitable relief in an independent action based on assertions of fraud on the court committed in the course of a suit against the government for money damages).

In her opposition memorandum, Plaintiff alleges that her harassment claim asserted under G.L. § 258E constitutes an

6

intentional infliction of emotional distress claim, which is cognizable under the FTCA. See Limone v. United States, 579 F.3d 79, 93 (1st Cir. 2009) (holding "section 2680(h) notwithstanding, [district courts have] subject matter jurisdiction to adjudicate . . . claims for intentional infliction of emotional distress" under the FTCA).

Assuming, without deciding, that a Chapter 258E claim is cognizable under the FTCA because it is effectively an intentional infliction of emotion distress claim, Plaintiff has failed to exhaust her administrative remedies. First, she did not present her claim against Hodgkins to the Postal Service before filing suit or at any time. Second, she failed to state a "sum certain" in her letter to the Postal Service. Finally, her claim seeks only equitable relief, which is generally not available under the FTCA.

Plaintiff insists that she exhausted her remedies because she has had settlement negotiations with the Postal Service. Even if a settlement discussions ensued, those negotiations were insufficient to demonstrate that a claim was properly presented to an administrative agency. Kokaras, 980 F.2d at 22 ("Although negotiations ensued between plaintiffs' attorney and agents of the Postal Service, there is no evidence in the record that a sum certain was ever stated orally or in writing by plaintiffs' attorney."). A dismissal for failure to exhaust administrative

7

remedies under the FTCA is typically without prejudice.[3] <u>Simpkins v. District of Columbia</u>, 108 F. 3d 366, 371 (D.C. Cir. 1997).

**ORDER**

The motion to dismiss (Dkt No. 23) is **ALLOWED** without prejudice.

                     /s/ Patti B. Saris        .
                     HON. PATTI B. SARIS
                     Chief U.S. District Judge

---

[3] The government has also moved to dismiss under Fed. R. Civ. P. 12(b)(6). However, the Court lacks jurisdiction to address this issue.